UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID MURRAY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10-cv-05517 JRC<br><br>ORDER ON MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judges' Rule MJR 13. (See also Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 7). This matter is before this Court on plaintiff's Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 21). Defendant has filed a response (ECF No. 23).

After considering and reviewing the record, the Court concludes that the $14,400.00 fee sought by plaintiff's attorney is reasonable.

ORDER - 1

PROCEDURAL HISTORY

On July 25, 2010, plaintiff sought review of the Commissioner's decision to deny Social Security disability benefits by filing a complaint with this Court (Complaint, ECF No. 1). On December 14, 2010, this Court granted defendant's stipulated motion to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings (Order, ECF No. 17; see also Motion to Remand Stipulated, ECF No. 16). Judgment was entered in favor of plaintiff (ECF No. 18).

On January 11, 2011, the Court granted plaintiff's Agreed Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("the EAJA") (see Order, ECF No. 20). Pursuant to this Order, plaintiff received EAJA attorney's fees in the amount of $5,655.68 (see id.).

On August 16, 2010, plaintiff was issued a Notice of Award, indicating that he was entitled to benefits beginning May, 2004 (see Attorney Declaration, Attachment 1, p. 1). According to the Contract of Employment between plaintiff and his attorney, a contingent fee was agreed to in the amount of 25% of past due benefits (see id., Attachment 2, p. 1). Based on plaintiff's recovery of Social Security past due benefits, a 25% fee would total approximately $30,555.60 (see id., Attachment 1, pp. 1, 7; see also id., p. 1).

Plaintiff has filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 21). Plaintiff requests attorney's fees in the amount of $14,400.00 to be awarded to his attorney (id.). This amount is based on 32 hours of attorney time (see Attorney Declaration, p. 1; see also id., Attachment 3, p. 1).

Defendant has filed a Response in which he indicates that he "has no objection" to plaintiff's request for attorney's fees in the amount of $14,400.00 (see ECF No. 23, p. 1).

ORDER - 2

## STANDARD OF REVIEW

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. §§ 401 et. seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b). According to the United States Supreme Court, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Court also concluded that Section 406(b) "calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. The Court may reduce the amount of attorney's fees "based on the character of the representation and the results the representative achieved." Id. at 808 (citations omitted); see also Elick v. Barnhart, 445 F.Supp. 2d 1166, 1168 (C.D. Cal 2006). For example, "[i]f the attorney is responsible for delay" or "the benefits are large in comparison to the amount of time counsel spent on the case," the Court may adjust the attorney's fees downward. Gisbrecht, supra, 535 U.S. at 808 (*citing* Rodriquez v. Bowen, 865 F.2d 739, 746-47 (1989)).

## DISCUSSION

Plaintiff's attorney requests attorney's fees in the amount of $14,400 (see Motion, ECF No. 21, p. 1). Plaintiff's attorney indicates that the EAJA attorney's fee award of $5,655.68 will be refunded to plaintiff, representing the total of the smaller fee, pursuant to 28 U.S.C. § 2412, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (see id.). See also Kopulos v. Barnhart, 318 F.Supp.2d 657, 668 (2004). The amount requested is based on 32 hours of attorney time (see Attorney Declaration, p. 1; see also id., Attachment 3, p. 1). Defendant does not object to plaintiff's request (see Response, ECF No. 23, p. 1).

Plaintiff's attorney secured a favorable result for plaintiff. In addition, the Court has not found any evidence to suggest that counsel caused any undue delay. While, on its face, the award reflects a higher than average hourly rate, because of the potential contingent nature of the recovery, the Court also recognizes the delay in payment, the risk of recovering no fees, and the benefit to the client of an attorney's willingness to accept a case on a contingent basis. These are all relevant considerations when reviewing an application such as this one.

## CONCLUSION

The Court concludes that the fee sought is reasonable for the services rendered. See Gisbrecht, supra, 535 U.S. at 807. The requested fee of $14,400.00 is appropriate.

Accordingly, the Court hereby **ORDERS** that counsel for plaintiff, Anne Kysar, Esq., of Schroeter, Goldmark & Bender, is awarded attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,400.00, minus any processing fees allowed by statute.

It is further **ORDERED** that plaintiff's attorney shall refund the amounts received pursuant to the EAJA of $5,655.68 to plaintiff, representing the total of the smaller fee pursuant to 28 U.S.C. § 2412, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985).

Dated this 13th day of December, 2011.

J. Richard Creatura
United States Magistrate Judge